**NIGHT BOX**
FILED

APR 03 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## SOUTHERN DIVISION - MIAMI

IN RE:

HCL AVIATION, INC.,

    Debtor.

District Court Case No.
00-6116-CIV-MIDDLEBROOKS

_____

STAMBAUGH AVIATION, INC.,

    Appellant,

vs.

MARIKA TOLZ, Trustee of the
Estate of HCL Aviation, Inc.,

    Appellee.

_____/

_____
_____

On Appeal from the United States Bankruptcy Court
Southern District of Florida
Chapter 7 Case No: 97-21399-BKC-PGH
Adv. Case No: 99-2081-BKC-PGH-A
(Honorable Paul G. Hyman)

_____
_____

## APPELLEE'S BRIEF

Reggie David Sanger, Esquire
Florida Bar No. 231215
REGGIE DAVID SANGER, P.A.
Attorneys for Plaintiff/Appellee
208 S.E. 9th Street
Fort Lauderdale, Florida 33316
Tel. (954) 463-8547
Fax (954) 463-8356



## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Stambaugh Aviation, Inc., v. Marika Tolz, Trustee,    Case No.00-6116-CIV-MIDDLEBROOKS

Stambaugh Aviation, Inc., Appellant
Mark Stambaugh, Sr.
Corporate Headquarters
427 Second Street
Highspire, PA 17034

Stambaugh Aviation, Inc.
M.R. Stambaugh, Jr.
Vice President/General Manager
1000 Jetport Road
Brunswick, GA 31525

Phillip M. Hudson, III
GUNSTER, YOAKLEY, VALDES-FAULI
 & STEWART, P.A.
Attorneys for Appellant
Suite 3400, One Biscayne Tower
2 South Biscayne Boulevard
Miami, FL 33131-1897

Marika Tolz, Trustee - Appellee
1804 Sherman Street
Hollywood, FL 33020

Reggie David Sanger, Esquire
REGGIE DAVID SANGER, P.A.
Attorney for Appellee
208 SE 9th Street
Fort Lauderdale, FL 33316

Honorable Paul G. Hyman
U.S. Bankruptcy Court
299 East Broward Boulevard
Room 403
Fort Lauderdale, FL 33301

Honorable Thomas S. Utschig
Visiting United States Bankruptcy Judge
Sitting by Designation
PO Box 5009
Eauclaire, WI 54702-5009

## TABLE OF CONTENTS

Page#

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT REGARDING ORAL ARGUMENT AND PRELIMINARY STATEMENT . . . . vii

STATEMENT OF JURISDICTION AND STANDARD OF REVIEW . . . . . . . . . . . . . . . . viii

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.     Course of proceedings and disposition
        B.     Statement of the facts

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENTS AND CITATIONS OF AUTHORITY

      Issue I
      The bankruptcy court correctly ruled that Defendant did not sustain its
      burden of proof in establishing that the preferential transfers made were
      contemporaneous exchanges for new value given to the Debtor as defined
      under 11 U.S.C. §547(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      Issue II
      The bankruptcy court correctly ruled that Defendant, as conceded by the
      Trustee at trial, was properly given a credit of $62,798.01 against the
      preferential transfers which represents the subsequent new value provided
      by Defendant to Debtor after the preferential transfers were made and
      remain unpaid as of the date of the Debtor's bankruptcy filing pursuant
      to 11 U.S.C. §547(c)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

      Issue III
      The bankruptcy court correctly ruled that Defendant was not a properly
      secured creditor against property of the debtor at the time the preferential
      payments were made. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# TABLE OF AUTHORITIES

**Cases**

Page#

Aero Support Systems v. Fed. Deposit, Inc. Corp.,
  726 F. Supp. 651, 653 (N.D. Tex. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

In re Air Conditioning Inc. of Stuart,
  845 F.2d 293, 298 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

In re Arrow Air, Inc.,
  940, F.2d 1463, 1465 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

Baughman Automobile Co. v. Emanuel
  137 Ga. 354, 73 S.E. 511, 38 L.R.A. (n.s.) 97 (1921) . . . . . . . . . . . . . . . . . . . . . . . . 20

In re Craig Oil Co.,
  785 F. 2d 1563, 1566-67 (11th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Danny v. World Airways, Inc. (In re Holiday Airlines Corp.),
  647 F.2d 977 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

In re Electronic Metal Products, Inc.,
  916 F.2d 1502 (10th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Excell Enterprises, Inc.
  83 B.R. 427 (Bankr. W.D. La. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Express Fruit & Produce, Inc.,
  16 B.R. 366, 8 B.C.D. 753 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

In re Freestate Management Services, Inc.
  153 B.R. 972 (Bankr. Maryland 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Goger v. Cudahy Foods Co., (In re Standard Food Services, Inc.),
  723 F. 2d 820 (11th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

In re J.D. Allen,
  888 F.2d 1299 (10th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Jet Florida Systems, Inc.,
  861 F.2d 1555, 1558 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15

In re Jones Truck Lines, Inc.,
  130 F.3d 323 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Cases**                                                                 Page#

Kallen v. Litas,
    47 B.R. 977 (N.D. Ill. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

In re Keydata Corp.,
    37 B.R. 324 (Bankr. Mass. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In the Matter of Kroh Bros. Development Co.,
    930 F.2d 648 (8th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

In re Lewellyn & Co.,
    929 F.2d 424, 427-28 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lowrey v. U.P.G., Inc.(In re Robinson Bros. Drilling, Inc.)
    877 F.2d 32, 34 (10th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

Manchester Motors, Inc. v. Farmers & Merchants Bank,
    91 Ga. App. 811, 87 S.E. 2d 342 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Newell v. Prudential Insurance Co.,
    904 F.2d 644, 649 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

Nordberg v. Arab Banking Corp.,
    904 F. 2d 588, 595 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re Olympic Foundry Company,
    51 B.R. 428 (Bankr. W.D. Wash. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Philko Aviation v. Shacket,
    462 U.S. 406, 103 S.Ct. 2476, 76 L.Ed. 2d 678 (1983) . . . . . . . . . . . . . . . . . . . . 20

In re STN Enterprises, Inc.,
    45 B.R. 959 (D. Vt. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Salve Regina College v. Russell,
    499 U.S. 225, 111 S.Ct. 1217, 1221-22 (1991) . . . . . . . . . . . . . . . . . . . . . . . . viii

Southern Horizon Aviation v. Farmers & Merchants Bank of Lakeland,
    497 S.E. 2d 637 (Ga. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Southern Technical College, Inc. v. Graham Properties Partnership,
    83 F.3d 1381 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 20

In re Thomas W. Garland, Inc.,
    28 B.R. 87 (Bankr. E.D. Missouri 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page#**

In re Wadsworth Bldg. Components, Inc.,
   711 F. 2d 122, 8 C.B.C. 2d 1166 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Statutes**

11 U.S.C. § 547 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

11 U.S.C. § 547(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 547(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

11 U.S.C. § 547(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11 U.S.C. § 547(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix, 5, 7, 8
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12,
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

11 U.S.C. § 547(c)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 547(c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix, 3, 4,
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 13,
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15,
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

11 U.S.C. § 547(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 550 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 158(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

49 U.S.C.A. § 44107, 44108 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Georgia Statute 44-14-363 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**Rules**

Fed.R.App.P. 34(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Fed.R.Bankr.P. 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

**Other**

Countryman, The Concept of a Voidable Preference in Bankruptcy,
 38 V. and L. Rev. 713, 759-767 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, Marika Tolz, Trustee of the Estate of HCL Aviation, Inc., respectfully requests, pursuant to Fed.R. App.P. 34(a), that oral argument be granted in this matter.

## PRELIMINARY STATEMENT

The Appellant will be referred to in this brief as STAMBAUGH and/or Defendant.

Appellee will be referred to in this brief as Plaintiff, Trustee, or MARKA TOLZ, TRUSTEE.

## STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

This is an appeal from a Final Judgment of the United States Bankruptcy Court.  This Court has jurisdiction to review the final judgment on appeal under 28 U.S.C. § 158(a)(1).

A bankruptcy court's findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.  Newell v. Prudential Insurance Co., 904 F.2d 644, 649 (11th Cir. 1990).  Fed. R. Bankr. P. 8013.

A bankruptcy judge's conclusions of law are subject to de novo review.  Salve Regina College v. Russell, 499 U.S. 225, 111 S.Ct. 1217, 1221-22 (1991).

## STATEMENT OF THE ISSUES

The Appellee restates the issues on appeal as follows:

### Issue I

The bankruptcy court correctly ruled that Defendant did not sustain its burden of proof in establishing that the preferential transfers made were contemporaneous exchanges for new value given to the Debtor as defined under 11 U.S.C. §547 (c)(1).

### Issue II

The bankruptcy court correctly ruled that Defendant, as conceded by the Trustee at trial, was properly given a credit of $62,798.01 against the preferential transfers which represents the subsequent new value provided by Defendant to the Debtor after the preferential transfers were made and remain unpaid as of the date of the Debtor's bankruptcy filing pursuant to 11 U.S.C. §547(c)(4)

### Issue III

The bankruptcy court correctly ruled that Defendant was not a properly secured creditor against property of the Debtor at the time the preferential payments were made.

## STATEMENT OF THE CASE

### A.    Course of proceedings and disposition below.

The adversary proceeding from which this appeal stems was brought by MARIKA TOLZ, (hereinafter "Trustee"), the acting Chapter 7 Trustee in the bankruptcy case of HCL Aviation, Inc., against Defendant, STAMBAUGH AVIATION, INC. (hereinafter "Defendant") on March 8, 1999, for recovery of preferential payments pursuant to 11 U.S.C. §§ 547 and 550 of the Bankruptcy Code. Defendant, STAMBAUGH AVIATION, INC., was duly served with the Complaint to Recover Preferential Transfers and filed its Answer and Affirmative Defenses.

On September 29, 1999, trial was held before the Honorable Thomas S. Utschig  who was sitting by designation.

The bankruptcy court entered its Findings of Fact and Conclusions of Law and Final Judgment on October 13, 1999, in favor of the Trustee and against Defendant in the principal sum of $127,201.99, plus interest of $3,927.00, for a total sum of $131,128.99.          Defendant filed its Amended Notice of Appeal on the 3rd day of November, 1999. Afterwards, Defendant applied for and posted a supersedeas bond on February 3, 2000.

### B.    Statement of the Facts.

The Trustee, Marika Tolz, adopts, in large part, Bankruptcy Judge Utschig's  Findings of Fact as her statement of material facts that serve as a basis for the judgment below.

The Plaintiff, MARIKA TOLZ, TRUSTEE, was duly appointed on October 29, 1997 as the duly qualified and acting Chapter 7 Trustee after HCL AVIATION, INC., (hereinafter "HCL" or "Debtor") filed a Chapter 11 proceeding on March 10, 1997, which was subsequently converted to Chapter 7 on October 23, 1997.

HCL had operated as a regional airline, holding a 121 Certificate with the Federal Aviation Administration ("FAA"). As an air carrier, it operated a small fleet of leased commercial aircraft until

1

the FAA suspended HCL's air carrier certificate on March 7, 1997.          Defendant     provided

maintenance and service to HCL's leased aircraft prior to Debtor's bankruptcy.

    Although HCL attempted to get the FAA suspension lifted during the Chapter 11 proceeding,

it was unsuccessful which led to the conversion of the case on October 23, 1997.

    The Plaintiff initiated this proceeding against Defendant seeking to recover certain

preferential transfers. After discovery, the Plaintiff narrowed the number of the challenged transfers

to the following:

| | Date of transfer | Amount |
|------|------------------|----------------|
| (i)   | 12/20/96 | $  25,000.00 |
| (ii)  | 01/03/97 | $ 150,000.00 |
| (iii) | 02/24/97 | $  15,000.00 |

    These payments were in payment of an antecedent debt due Defendant. In October 1996,

the Debtor commenced business with Defendant. Defendant contracted, pursuant to a bid package,

to provide maintenance services to Debtor's leased aircraft known as Aircraft N203 (hereinafter

"N203"). The terms of payment for the goods or services provided by Defendant were as follows:

    50% Labor costs upon induction;
    50% Materials costs upon induction;
    Balance upon delivery of aircraft.

    Debtor paid the induction payments for the labor and materials but when the aircraft

maintenance was completed on or about November 22, 1996, N203 was delivered to the Debtor

without the Debtor paying the balance due. The balance due to Defendant at the completion of the

work on N203, on or about November 22, 1996 was $197,619.55. The Debtor failed to pay the sum

due but took delivery of the aircraft. Also, during this time there was an induction payment due on

Aircraft N295 (hereinafter "N295") but the Debtor failed to pay the induction payment when invoiced.

    It was only after numerous demand letters and threats from Defendant and work stoppage

on HCL's Aircraft N295, which was in Defendant's possession, that the Debtor paid some monies

against the N203 balance and made a payment on N295.  However, even after partial payments

totaling $175,000.00 up to January 3, 1997, there was still a balance of $22,619.55 due to

STAMBAUGH for the work done on N203.

In fact, the Debtor did not pay the balance due for the work done on N203 until the last

payment was applied to the account on February 24, 1997, in the amount $15,000.00, and

Defendant, after bankruptcy, applied a credit due to the Debtor for work done on another aircraft to

the balance owing on N203.

The payments sought in this action, as well as payments made by the Debtor for work done

on other aircrafts, according to Defendant's own assessment, were a result of Defendant's continual

"threatening" tactics, such as work stoppages or aircraft departure delays.  The correspondence

between the parties bears out this conclusion.

The preferential payments set forth above, were made by wire transfers from the Debtor's

bank account, for maintenance and service work Defendant provided to N203.  The payments were

in payment of past due antecedent debts owing to Defendant.  These payments were all made within

ninety (90) days of the Debtor's bankruptcy petition.

The parties conceded that at all times material to this litigation the Debtor was insolvent as

defined under 11 U.S.C. § 101(a)(32).  Defendant is a unsecured creditor in this proceeding and

filed an unsecured claim in the amount of $62,798.01.

Defendant admits there was no separate security agreement or financing statement executed

by the parties, or filed with the Secretary of State, or filed with the FAA either before or after N203

left its possession on November 22, 1996.  Therefore, Defendant's claim for the balance due for

work performed on N203 was a balance due on an open account and was unsecured.

The Trustee conceded, and the Bankruptcy Court agreed, that Defendant was entitled to a

subsequent new value exception under 11 U.S.C. § 547(c)(4) in the amount of $62,798.01.  This

amount represents the amount due to Defendant on the date of Debtor's bankruptcy, which was unsecured, advanced after the first two preferential payments and remained unpaid. After giving credit for the new value exception, the Plaintiff was entitled to recover the net preferential amount of $127,201.99, plus interest of $3,927.00, for a total of $131,128.99.

The preferential payments were not paid in the ordinary course of business between the parties, or in accordance with industry standard. The contract between HCL and Defendant provided that the balance due for maintenance and service work performed on an aircraft was due to Defendant upon delivery of the aircraft to HCL. The parties did not adhered to this policy; however, in view of the very limited amount of transactions between the parties, the terms of the agreement between the parties are given added weight.

Defendant, through its representatives, threatened work stoppage on another aircraft of the Debtor's which was in its possession unless payments were made on HCL's previous balance. Payments made under such collection activity are not ordinary payments. The extensive correspondence from Defendant to HCL in an effort to collect the balance due on N203 does not establish that payments were made in the ordinary course of business. Also, during the time payments were being made to Defendant, HCL's financial condition was such that payments were being made only to a limited number of its creditors.

Here, the preferential payments are clearly for a past due amount owing to Defendant by the Debtor.

There was no new value given by Defendant to the Debtor other than what has been conceded and given credit for under 11 U.S.C. § 547(c)(4). Thus, the preferential payments on account for past due sums are not made as a contemporaneous exchange for new value.

4

## SUMMARY OF THE ARGUMENT

The bankruptcy court did not err in its Findings of Fact and Conclusions of Law and Final Judgment, determining that Defendant received preferential payments from the Debtor, and therefore Defendant owes MARIKA TOLZ, Trustee of the Estate of HCL Aviation, Inc., $127,201.99, plus interest in the amount of $3,927.00, for a total sum of $131,128.99.

The bankruptcy court properly concluded that the Defendant did not prove the applicability of the contemporaneous exchange exception under 11 U.S.C. 547 (c)(1) . The preferential payments were not intended by the parties to be contemporaneous exchanges for and were not in fact substantially contemporaneous exchanges for new value. The preferential payments were intended and actually made as payments in past due antecedent debts which debtor owed for the Defendant for services and work done on the leased aircraft N203.

The bankruptcy court properly found that the proper amount the Defendant was entitled to as a subsequent new value defense exception under 11 U.S.C. 547 (c)(4) was in the amount of the sworn unsecured proof of claim filed by Defendant in the debtor's bankruptcy proceeding in the amount of $62,798,01. This amount represent the amount of services the Defendant provided to the debtor after the first two preferential payments which was unsecured and remained unpaid as of the date the debtor filed its bankruptcy proceeding.

Finally, the bankruptcy court properly concluded that the Defendant was not a secured creditor for the following reasons:

1.   The parties did not consent or agree that the Defendant would be a secured creditor.

2.   The debtor did not own the planes and could not agree to provide the aircraft as collateral for any sums due the Defendant.

3.   The Georgia Statute for mechanics lien is not enforceable or valid against the lessors of the aircraft.

4.   Monies due for work Defendant did to aircraft N203 for which preferential payments were

5

made were made after the release of the plane on November 22, 1996 and therefore any alleged lien would have been released in any event.

5. The Defendant had no properly perfected security interest against any substituted collateral by either agreement or arising by statute. The Georgia Statute in which the Defendant relies was not applicable because the Defendant did not properly record the requisite notice, it did not record any asserted lien against aircraft by recording with the FAA and could not have a lien against property owned by another lessor.

6. The Defendant's conduct in filing an unsecured claim in the bankruptcy proceeding, its participation in the bankruptcy proceeding as a member of the unsecured creditors committee and its failure to take any action to comply with the Georgia Statute and the recordings required demonstrate that it did not intend to have a secured creditor of the debtor.

Therefore, the Final Judgment of the bankruptcy court should be affirmed.

## ARGUMENTS AND CITATIONS OF AUTHORITY

The bankruptcy court correctly determined in its Findings of Fact and Conclusions of Law and Final Judgment that Defendant received preferential payments from the Debtor, HCL Aviation, Inc. The bankruptcy court carefully considered the facts of the case, the evidence submitted, the testimony of the various witnesses, and, after determining that the Defendant was entitled to a subsequent new value credit under 11 U.S.C. § 547(c)(4), which the Trustee agreed to, concluded that the amount owed to the Trustee representing preferential payments was $127,201.99, plus interest of $3,927.00.

## ISSUE I

### The bankruptcy court correctly ruled that Defendant did not sustain its burden of proof in establishing that the preferential transfers made were contemporaneous exchanges for new value given to the Debtor as defined under 11 U.S.C. §547 (c)(1).

Under the Bankruptcy Code, while one may establish a preference under 11 U.S.C. § 547(b), there are certain statutory affirmative defenses set forth in 11 U.S.C. § 547(c). Defendant has the burden of proof as to all elements as to each affirmative defense. 11 U.S.C. § 547(g). In re Jet Florida Systems, Inc., 861 F 2d 1555, 1558 (11th Cir. 1988); In re Craig Oil, 785 F.2d 1563, 1565 (11th Cir. 1986). Defendant in its discussion commingles its discussion of new value with two statutory exceptions. In the interest of clarity, the Trustee will separately discuss new value in the two separate statutory exceptions. The first affirmative defense asserted by Defendant was under 11 U.S.C. § 547(c)(1) which provides:

(c) The trustee may not avoid under this section a transfer-

(1) to the extent such transfer was-

(A) indebted by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact was a substantially contemporaneous exchange.

7

New value is defined under Section 547(a) (2) which provides:

> "new value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation.

By definition new value does not include the substitution of an obligation for an already existing obligation, or satisfaction of an antecedent debt.

The elements a defendant needs to prove to establish the defense are (1) the defendant must have extended new value to the debtor in exchange for the payment or the transfer (2) the exchange of the payment for new value must have been intended by the debtor and the transferee to be contremporaneous, and (3) the exchange must have been in fact substantially contemporaneous. In re Arrow Air, Inc., 940 F.2d 1463, 1465 (11th Cir. 1991); 11 U.S.C. 547(c)(1). The issues of intent and actual contemporaneousness are questions of fact which will not be disturbed unless clearly erroneous. In re Lewellyn & Co., 929 F.2d 424, 427-28 (9th Cir. 1991).

This defense is commonly described as the contemporaneous exchange exception and is a simple one, excepting a transfer or payment that is really not on account of an antecedent debt. See Countryman, The Concept of a Voidable Preference in Bankruptcy, 38 V and L.Rev. 713, 759-767 (1985); H.R.Rep.No. 595, 95th Cong., 1st Sess. 177,373 (1977). The exception is intended to apply to cash or quasi cash transactions. Kallen v. Litas, 47 B.R. 977 (N.D. Ill. 1985).

Thus to qualify under this exception, the parties to the transaction must have intended that the transaction be substantially contemporaneous under 11 U.S.C. § 547(c)(1)(A). A vendor who conditions delivery of new goods on payment of old invoices does not get the benefit of this exception. See Goger v. Cudahy Foods Co., (In re Standard Foods Services, Inc.), 723 F.2d 820 (11th Cir. 1984). (Seller, upon receiving a bounced check, conditioned further deliveries would only occur after full payment of the dishonored check.) Preferential payments intended to be applied to

8

past due amounts are not protected by this exception.   In re Wadsworth Bldg. Components, Inc.,

711 F.2d 122, 8 C.B.C. 2d 1166 (9th Cir. 1983); In re Freestate Management Services, Inc., 153 B.R.

972 (Bankr. Maryland 1993) and In re Olympic Foundry Company, 51 B.R. 428 (Bankr. W.D. Wash.

1985.

The correspondence, actions and testimony of Defendant clearly establishes that the

preferential payments were intended by the parties to pay for past due amounts for work done on

N203.   The Defendant's bookkeeper acknowledged this and her accounting records clearly

demonstrated this fact. The Defendant, as part of the stipulated facts, agreed that the payments

were in payment of antecedent debts owing to the Defendant.   Therefore, Defendant cannot

demonstrate that the bankruptcy court's findings of facts that the parties intended that the payments

were in payment of past due debts was clearly erroneous.   In re J.D. Allen, 888 F.2d 1299 (10th Cir.

1989).

Additionally and equally important, this exception requires that the exchange be

contemporaneous. This was not the case. The Debtor was obligated to pay the balance owing on

the delivery of N203 on November 22, 1996.   While there was a reconciliation of the bill, the exact

amount was communicated to the Debtor on December 2, 1996.   New value is rendered on the date

the services were performed, not on the date the creditor chooses to bill for the services.   In re

Excell Enterprises, Inc., 83 B.R. 427 (Bankr. W.D. La. 1988). The completion of the work on N203

was on November 22, 1996, the date of the delivery of the aircraft to Debtor.   Therefore, the Debtor,

in making these preferential payments, was paying for services which were rendered by the

Defendant prior to November 22, 1996.   Thus, the preferential payments were not contemporaneous.

Defendant's accounting records establish that the payments sought to be recovered by the Plaintiff

were payments of a past due balance owing to it by the Debtor. Therefore, Defendant fails to sustain

its burden in proving the two necessary elements of this defense.

Notwithstanding the failure to establish two of the three necessary elements, Defendant argues new value was provided to the Debtor which nonetheless should entitle it to the defense. First, Defendant argues that the delivery of N203 constituted new value. The plane was delivered on November 22, 1996, not at the time of the preferential payments. The release of N203 prior to the payments being made is not new value given by the Defendant at the time of each payment, which the Trustee challenged. Even the cases which Defendant cites requires that the challenged transfers must be for goods or services being supplied currently, not in payment for past due services or goods.

For example, in In re Keydata Corp., 37 B.R. 324 (Bankr. Mass. 1983), the bankruptcy court held that the debtor's four payments to electric utility did NOT constitute "contemporaneous exchange for new value" so as to fall within the exception to voidability of preference rule, since the bills being paid were for electricity already used prior to the billing date. For the exception to apply, the payments had to be for a current service which was not the case. Similarly, in this case, the facts are clear the payments made by the Debtor were for past due antecedent debts, clearly not current payments, but payments on an obligation for work done on N203 as of November 22, 1996. Thus, just as in Keydata, the payments that were not for current services failed to come within the contemporaneous exchange defense.

The case of In re Jones Truck Lines, Inc., cited by Defendant also held that only current payments for employees fringe benefits fall within the contemporaneous exchange for new value exception. The court there implied that the result would be different if the payments were for past due sums that had been reduced to notes. In re Jones Truck Lines, Inc., 130 F.3d 323 (9th Cir. 1997). A similar result was found in In re Thomas W. Garland, Inc., 28 B.R. 87 (Bankr. E.D. Missouri 1983), where the court held that (c)(1) was not applicable because the payments were not current payments.

Therefore, the case authority the Defendant cites in its brief support the conclusion that the preferential payments do not fall within the contemporaneous exchange for new value exception as defined under the 11 U.S.C. 547(c)(1).

Defendant also argues that the continuation of working on future aircraft conditioned upon receipt of the preferential payment constitutes new value under 11 U.S.C. § 547(c)(1). Ironically, Defendant in its brief cites authority for the opposite conclusion. The 10th Circuit case of In re Electronic Metal Products, Inc., 916 F.2d 1502 (10th Cir. 1990) cited in Defendant's brief at page 7 of its argument, was faced with a similar argument, which Defendant presents in this case. There, an Attorney Bittman was being sued for recovery of preferential payments. Bittman argued that the agreement to continue working on a case, in consideration for the preferential payments, constituted new value to the debtor and was thus not subject to the trustee's avoidance powers.

The 10th Circuit, reversing the District Court which found for Bittman, stated that the promise to make payment on antecedent debts as a condition of continuing business had never been sufficient to constitute new value. In fact, the 10th Circuit had previously held otherwise. The fact that {the creditor} may have promised to continue business with {the debtor} if it paid its bills is not new credit or new value to the estate." Lowrey v. U.P.G., Inc., (In re Robinson Bros. Drilling, Inc.), 877 F.2d 32, 34 (10th Cir. 1989). Thus, Defendant's argument should fail on the same analysis.

The Defendant further argues that a release of a lien upon payment being made to it is a contemporaneous exchange of new value under 11 U.S.C. § 547(c)(1). The Defendant did not assert a lien on the aircraft, and could not possess one under the facts of this case. The basis for this conclusion is more particularly discussed in Issue III herein. Therefore, if there was no lien, then there was no release of same, which would equate to property being transferred back to the Debtor.

Defendant's own conduct and actions are contrary to its assertions that it was a secured creditor. The Defendant, at the time of the filing of Debtor's petition in bankruptcy, had aircraft

11

N1910 in its possession and it was owed $62,798.01. This sum was owed for work done to other leased aircraft of the Debtor after the preferential payments were made. Notwithstanding the foregoing, the Defendant did not assert a secured interest in aircraft N1910 but rather filed an unsecured claim in the Debtor's bankruptcy proceeding. As a result of its unsecured position, it became a member of the Unsecured Creditors Committee. Also, in this litigation, Defendant asserts the applicability of the subsequent new value exception, which requires that it hold an unsecured claim, and Defendant has received the benefit of new value exception by a reduction in the amount of the preferential transfers by the amount of its general unsecured claim. The Defendant is now estopped from asserting that it is secured under these same circumstances.

Also the timing of the alleged lien, as pointed out by the Defendant, demonstrates any release was not contemporaneous with the preferential transfers. Defendant states the lien was released on November, 22, 1996 but this was not contemporaneous with the later preferential payments. The cases cited by Defendant in support dealt with situations where a creditor held valid perfected secured liens that were released at the time of the preferential transfers. So even, if the Defendant had a perfected secured interest, it was not released at the time of the preferential payments and therefore there was no contemporaneous exchange for this asserted value.

Also, Defendant speaks at page 17 of its brief as if the release of N203 was contemporaneous with the preferential payments totaling $190,000.00. This is clearly wrong. Aircraft N203 was released on November 22, 1996. The preferential payments were made December 20, 1996, January 3, 1997 and February 24, 1997. The exception to be applicable must be made at the time of the transfer, and there is ample evidence to support Judge Utschig's findings of fact that the payments were not contemporaneous to the release of the aircraft.

Defendant further argues revenue generated by the returned aircraft is new value within the context of 11 U.S.C. § 547(c)(1). In Nordberg v. Arab Banking Corp., 904 F.2d 588, 595 (11th Cir.

12

1990), the court found that the new value must be something given from the Defendant to or for the benefit of the debtor.  The preferential payments given by the Debtor were in return for the services provided by Defendant to its leased aircraft N 203 on or before November 22,1996.  The revenue which may have been generated by the Debtor in using N203 is not something of new value given by the Defendant over and above the services which were provided up to November 22, 1996. Defendant provided no further service to N203 after November 22, 1996, which the preferential payments paid.

This argument, if adapted, would eliminate the right to recover a preference in all cases, as anyone contributing goods or serviced for which preferences are sought could argue that the goods or services contributed to the failing company's ability to make money and point to the gross income generated whether the business operation was profitable or not.

Finally, Defendant argues that new value was given in the form of extension of credit.  It is unclear what the Defendant means by this assertion because giving the Debtor time to pay a preexisting debt in return for continuing to do business with the Debtor is not new credit or new value to the estate.  Lowrey v. U.P.G. Inc., (In re Robinson Bros. Drilling, Inc.), 877 F.2d 32, 34 (10th Cir. 1989).  There was no new credit given each time a payment was made.  All later work performed by Defendant on an ongoing basis was either paid for by Debtor, or Defendant gave credit to Debtor, as represented in the unsecured claim filed by Defendant in the bankruptcy proceeding as more particularly discussed under § 547(c)(4) below.

In a similar situation the 11th Circuit stated as a matter of law one extending credit only after the later paid for past due debts is as a matter of law insufficient to establish the contemporaneous exchange for new value defense under 11 U.S.C. 547 (c)(1).  In re Arrow Air, Inc., 940 F.2d 1463, 1466 (11th Cir. 1991).  In fact, the 11th Circuit stated in order to establish the defense on the basis of new credit, the defendant has the burden to show for each payment from the debtor to the

defendant that the defendant extended contemporaneously a specific dollar amount of new credit. The mere forebearance from exercising pre-existing rights does not constitute new value.  In re Air Conditioning Inc., of Stuart, 845 F.2d 293, 298 (11th Cir. 1988).  The Defendant did not provide the specific proof required of new value but only a forebearance from exercising its pre-existing rights, and therefore the payments were avoidable.

Consequently, the bankruptcy court is correct in concluding the Defendant failed to establish a defense under 11 U.S.C. § 547(c)(1).

ISSUE II

> The bankruptcy court correctly ruled that Defendant did not sustain its burden of proof in establishing that the preferential transfers made were contemporaneous exchange for new value given to the Debtor as defined under 11 U.S.C. §547 (c)(1).

The second exception to preference recovery which deals with the concept of new value is 11 U.S.C. § 547(c)(4).  The Bankruptcy Code gives to those creditors who provide subsequent new value to the debtor corporation for which remains unpaid as of the date of the subsequent bankruptcy a credit against any preference which the trustee is entitled.  This exception is provided under 11 U.S.C. § 547(c)(4) which states:

The trustee may not avoid under this section a transfer-

> (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor-

>> (A) not secured by an otherwise unavoidable security interest; and

>> (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

The 11th Circuit has followed the majority of circuits which hold the elements for the application of this subsequent new value affirmative defense are the following:

First, the creditor must have received a transfer that is otherwise avoidable as a preference under Section 547(b).  Second, after receiving the preferential transfer, the preferred creditor must

14

advance "new value" to the debtor on an unsecured basis. Third, the debtor must not have fully compensated the creditor for the "new value" as of the date that it filed its bankruptcy petition. In re Jet Florida Systems, Inc., 841 F.2d 1082 (11th Cir. 1988).

The reasoning behind this exception to the preference recovery is that the creditor who provides subsequent services or goods which are unsecured and unpaid has basically replenished the estate and the estate is not depleted to the detriment of the other unsecured creditors.    In re Jet Florida Systems, Inc., 841 F.2d at 1083 (11th Cir. 1988). If the subsequent value has been paid for by the debtor, then the estate is not replenished and the preference unfairly benefits the creditor.

The cases cited by Defendant to the extent they discuss the application of Section 547(c)(4) are consistent with the 11th Circuit requirements. See In the Matter of Kroh Bros. Development Co., 930 F.2d 648 (8th Cir. 1991); Southern Technical College, Inc. v. Graham Properties Partnership, 89 F.3d 1381 (8th Cir. 1996).

The Trustee, at the beginning of the trial in this cause, and the result of the discovery conducted, conceded that Defendant, to the extent of any preference recovery, would be entitled to a reduction of the recoverable preference in the amount of $62,798.01 on the basis of subsequent new value under Section 547(c)(4). This was done because Defendant provided services by repairing other leased aircraft, on an unsecured basis, subsequent to the preferential payments for which sums it was unpaid as of the date of the bankruptcy. This is best evidenced by the unsecured proof of claim filed by Defendant in the bankruptcy proceeding in the amount of $62,798.01. This reduction clearly falls within the subsequent new value exception and Defendant did not contest this at trial.

Defendant seemingly asserts that it is entitled to a greater reduction under its interpretation of new value under 11 U.S.C. 547(c)(4) which took effect in four forms.

First, it gave an extension of credit. However, Defendant, to the extent subsequent credit

15

was given on an unsecured basis for which a debt remained unpaid, as been given a reduction in the amount of its unsecured claim of $62,798.01. It is not entitled to more under this section of the statute.

Second, Defendant asserts that providing service, in the form of ongoing repair to HCL's leased aircraft, is new value. This was not something that was given as new value but rather an obligation that Defendant had contracted for in its arrangement with the Debtor. Furthermore, the services to the other aircraft which were worked on were either paid for, or the Trustee and the bankruptcy court have given Defendant a subsequent new value credit in the form of the $62,798.01 which reduced the amount of the preference recovery the Trustee could recover. Again, Defendant is not entitled to more.

Third, Defendant asserts that the voluntary release of Defendant's valuable lien on HCL's leased aircraft N203 entitles it to a secured position. The Trustee disputes such secured position because of the deficiencies discussed under Issue III of this brief. In fact, this argument would not entitle Defendant to any basis for a reduction under this subsequent new value exception at all because of the requirement that the claim must be unsecured.

Defendant is misinterpreting the exception and its application. The new value under this exception had to be given from Defendant to the Debtor subsequent to the preferential transfers being challenged. Here, the release of the alleged lien took place on November 22, 1996, prior to any challenged payments that are the subject matter of this litigation. Therefore, if Defendant's claim is secured, then the bankruptcy court should not have given the reduction of $62,798.01.

Finally, Defendant asserts that the release of the actual planes themselves from Defendant's possession increased the value of the aircraft and decreased debt to third party lessors. New value is what Defendant gave to the Debtor in new services and goods after the date of the transfer, which remained unpaid and unsecured. Here again, the release of N203 was prior to the alleged transfers.

16

The fact that the aircraft was flown and generated income through the operation of the Debtor is not new value given by Defendant in goods or services after the alleged transfers. The services and work done by Defendant on the aircraft was clearly done and completed by the time the aircraft was released and the value of that is reflected in the amount that was owed for that work.

While, Defendant argues that the bankruptcy court misinterpreted this new value exception it cites no case where its expanded interpretation of new value is allowable under 11 U.S.C. § 547(c)(4), or entitles it to a greater credit than what has already been given.

Defendant further believes that the monies recovered from it must go to other creditors of its class, and if not, that this somehow gives rise to its defense to a preference action. This is just not the case. Congress has set forth the statutory hierarchy in which assets will be distributed in a bankruptcy case and the fact that the recovered preferences will go, in part, to pay unsecured administrative expenses and priority creditors, including wage earners who were not paid within ninety (90) days of the bankruptcy is not a defense to the preference case. The Trustee has a fiduciary duty to all creditors to pursue preference actions for all creditors regardless of priority.

Thus, the arguments of Defendant seek to ignore the elements required of it to establish the defense of 11 U.S.C. § 547(c)(4) as required by the 11th Circuit, and the new value exception credit given to it by the Trustee and the Bankruptcy Court in the amount of its unsecured claim of $62,798.01 and seeks this Court to adopt a new equitable defense beyond the requirement set by Congress and create a new exception to the preference.

Defendant cannot cite any case for new value under these theories and ignore establishing the elements required by the 11th Circuit. New value is what Defendant gave to the Debtor in goods or services after the date of the transfers, which remained unpaid and unsecured as of the date of the bankruptcy filing. The bankruptcy court gave Defendant the benefit of such defense by reducing the preference by the _entire_ amount of its unsecured proof of claim which was sworn to under

17

penalty of perjury by Mark Stambaugh. Defendant is entitled to no more.

Therefore, the bankruptcy court correctly gave Defendant all reductions that it was entitled to and any further amounts sought by Defendant under this affirmative defense are unfounded and contrary to applicable law.

### ISSUE III

#### The bankruptcy court correctly ruled that Defendant was not a properly secured creditor against property of the Debtor at the time the preferential transfers were made.

The bankruptcy court correctly found that Defendant did not have a properly perfected secured lien against property of the Debtor at the time the transfers were made. In fact, as a result of such conclusion Defendant was entitled to, and received, the benefit of the subsequent new value exception in the amount of $62,798.01.

In order for there to be a lien on Defendant's theory, there first had to be a lien by agreement or operation of law and, either an agreement for substituted collateral or one arising as a matter of law against property of the Debtor. The lien would then have to be properly perfected. The facts of this case are clear. There was no agreement between HCL and Defendant that N295, or any other property of the Debtor, would be collateral for sums due for work done on N203. In fact, there could be no lien on the aircraft or any purported substituted aircraft because the Debtor did not own the aircraft. The aircraft used in the Debtor's operation were all leased. Consistent with this fact, Defendant acknowledges in its brief at page 20 that Cheryl Grue Bercegeay, President of HCL denied there was an agreement that Defendant would have a security interest on property owned or leased by the Debtor for sums owing to Defendant for work done on the released aircraft N203.

Mark Stambaugh, Defendant's principal, testified that there was no UCC filing or any other writing which would establish the formalities of a security agreement and the perfection of such lien, nor was there any recording of any documentation either locally or with the FAA regarding

18

Defendant's asserting a lien on any aircraft it worked on for the Debtor.

The bankruptcy court correctly followed the analysis and reasoning of In re Express Fruit & Produce, Inc., 16 B.R. 366, 8 B.C.D. 753 (1982), wherein the court required that there had to be a valid, enforceable security agreement for substituted collateral, and the security interest had to be properly perfected as to the Trustee to entitle one to secured creditor status. The court concluded that the release of N203 released any alleged lien the Defendant may have had against the property.

Defendant in its brief cites In re STN Enterprises, Inc., 45 B.R. 959 (D. Vt. 1985) as supporting its position, however, the case is clearly not applicable as it deals with an undisputed consensual agreement. There was no undisputed consensual agreement in this case that there would be a substitution of collateral. Also, in STN, the Court found that there was a valid perfected security interest under applicable law, which is not the case before this Court.

Defendant also cites Danny v. World Airways, Inc., (In re Holiday Airlines Corp.), 647 F.2d 977 (9th Cir. 1981), which again is clearly distinguishable on the facts of the case. In In re Holiday Airlines, the repair and maintenance agreement gave the serving company a lien on the aircraft for services and maintenance which were being provided. Defendant's agreement did not have such provision in its dealings with the debtor. The Bankruptcy Court in Holiday Airlines further found that there was a consensual lien that was surrendered in exchange for a chattel mortgage on another aircraft that would constitute as a substitution of one type of security for another. There are no such facts in the case at bar.

Here, there was no agreement of both parties that STAMBAUGH would have a security interest in N295 for the balance owing for work done on the previously released N203. The Debtor did not execute a chattel mortgage, which was done in the Holiday Airlines case.

Defendant argues in its brief that substituted collateral is contemplated by statute. Defendant attaches Georgia Statute 44-14-363 to support its position. However, this statute does

not entitle Defendant to a secured claim against property of the Debtor and was not implemented by Defendant by its own actions.

The statute is not applicable in light of the following. First, the properties, which are the subject matter of this litigation, are leased aircraft. The statute requires the property sought to be secured must be personal property owned by the debtor. The case law in Georgia, interpreting this statute and its predecessor, clearly holds that a mechanic's lien cannot exist in priority over a valid legal title holder. Manchester Motors, Inc., v. Farmers & Merchants Bank, 91 Ga. App. 811, 87 S.E. 2d 342 (1955); Baughman Automobile Co. v. Emanuel 137 Ga. 354, 73 S.E. 511, 38 L.R.A. (n.s.) 97 (1912).

Secondly, the Defendant failed to do any recording which was required upon the release of N203. There is no evidence of any recording of the notice as required by this statute. An additional deficiency is set out in the case of Southern Horizons Aviation v. Farmers & Merchants Bank of Lakeland 497 S.E. 2d 637 (Ga. App. 1998) cited by Defendant for its position that a mechanic's lien can be perfected by possession under Georgia law. The Georgia Court ruled in that case that a mechanic's lien on aircraft is not valid unless the lien has been recorded with the Federal Aviation Administration (FAA). 49 U.S.C.A. Sections 44107, 44108. The Georgia Court followed the holding in the U.S. Supreme Court case Philko Aviation v. Shacket, 462 U.S. 406, 103 S.Ct. 2476, 76 L.Ed. 2d 678 (1983) where the Court held that federal law regarding aircraft recordation preempts state law and "although state law determines the priority, all interest (in aircraft) must be federally recorded before they can obtain whatever priority to which they are entitled under state law." Id. At 413, 103 S.Ct. at 2480.

Thus, its been held a mechanic's lien which has not been recorded with the FAA is not valid. Aero Support Systems v. Fed. Deposit Inc. Corp., 726 F. Supp. 651, 653, (N.D. Tex. 1989). As the Southern Horizons Aviation court pointed out these cases, which it followed in ruling against a

20

mechanic lienholder, were decided on former federal statutes, which have now been superseded by statutes similar in substance and are consistent with the holdings in those cases. Defendant in our case has not alleged nor can it show any recording of its purported lien with the FAA. In fact Mark Stambaugh admitted that its was not done.

Therefore under the statute, the Southern Horizons Aviation case, and the reflected authority cited therein, it is clear that Defendant did not have a valid mechanic's lien against the leased aircraft.

Also, Defendant's conduct during this case is not consistent with that of a secured creditor. Defendant served on the Unsecured Creditors' Committee from the inception of the Debtor's bankruptcy case even though there were still sums due to it for work done on N203, even after it had released N295 and it still possessed other leased aircraft of the Debtor into and during the bankruptcy process. Defendant argued for and received a benefit by $62,798.01 reduction in the amount, which could be recovered under the subsequent new value exception, which requires the amount owed be unsecured.

Consequently, the preferential payments made for work performed on N203 were not in payment of a secured claim held by Defendant on any property of the Debtor. Thus, the preferential payments were applied against an unsecured debt owing to Defendant.

## CONCLUSION

For all the foregoing reasons, Appellee, MARIKA TOLZ, Trustee of the Estate of HCL

Aviation, Inc., prays that this Court affirm the bankruptcy court's Findings of Fact and Conclusions

of Law and Final Judgment.

Respectfully submitted this 3rd day of April, 2000.

*I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with additional qualifications to practice as set forth in Local Rule 2090A.*

REGGIE DAVID SANGER, P.A.
Attorney for Appellee
208 S.E. 9th Street
Fort Lauderdale, FL 33316
Tel.    (954) 463-8547
Fax    (954) 463-8356

By: _____
        Reggie David Sanger, Esquire
        Florida Bar No: 231215

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and a copy of the Appellee's

Initial Brief was served by U.S. Mail, prepaid, this 3rd day of April, 2000, to the Honorable Paul G.

Hyman, United States Bankruptcy Court, Room 403, 299 East Broward Boulevard, Fort Lauderdale,

FL 33301, Phillip M. Hurson, III, GUNSTER YOAKLEY, ET AL., One Biscayne Tower, Suite 3400,

2 South Biscayne Boulevard, Miami, FL 33131-1897, and to Marika Tolz, Trustee, 1804 Sherman

Street, Hollywood, FL 33020.

*I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with additional qualifications to practice as set forth in Local Rule 2090A.*

**REGGIE DAVID SANGER, P.A.**
Attorney for Appellee
208 S.E. 9th Street
Fort Lauderdale, FL 33316
Tel.    (954) 463-8547
Fax    (954) 463-8356

By: _____
Reggie David Sanger, Esquire
Florida Bar No: 231215